UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TESCO CORPORATION, § | |
| § | |
| Plaintiff, § | |
| v. § | |
| § | |
| WEATHERFORD INTERNATIONAL, § | |
| INC., NATIONAL OILWELL VARCO, § | CIVIL ACTION NO. H-08-2531 |
| L.P., OFFSHORE ENERGY SERVICES, § | |
| INC., and FRANK'S CASING CREW & § | |
| RENTAL TOOLS, INC., § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND ORDER

Before the Court are Defendants' Motion to Stay and Motion for Continuance of Trial Setting (Doc. Nos. 24, 34.) After considering the parties' filings and the applicable law, the Court finds that the Motion to Stay should be denied and the Motion for Continuance should be granted in part.

## I. INTRODUCTION

This is an action for patent infringement under 35 U.S.C. §§ 271 and 281-285. In November 2006, Plaintiff Tesco Corporation ("Tesco") was issued United States Patent No. 7,140,443 (the "'443 Patent") entitled "Pipe Handling Device, Method, and System." (Pl. Compl. ¶ 10.) The '443 Patent relates to a casing running tool or casing drive system used to pick up, rotate, and "run" casing in oil wells. (Pl. Compl. ¶ 12.) Plaintiff asserts that two tools of Weatherford International, Inc. ("Weatherford"), the TorkDrive 500 M Casing Running and Drilling Tool and the 750-Ton OverDrive Casing Running and Drilling System, infringed claims of the '443 Patent literally and/or under the doctrine of equivalents. (Pl. Compl. ¶ 13.) Likewise, Plaintiff asserts that the CRT 350 Casing

Running Tool ("the CRT 350 Tool") of Defendant National Oilwell Varco, L.P. ("National") infringed claims of the '443 Patent. (Pl. Compl. ¶ 14.) Plaintiff also claims that the use of the CRT 350 Tool by Defendants Offshore Energy Services, Inc. ("OES") and Frank's Casing Crew and Rental Tools ("Frank's") infringed claims of the '443 Patent. (Pl. Compl. ¶¶ 15-16.) Plaintiff asserts that Defendants knew of the '443 Patent and willfully disregarded it. (Pl. Compl. ¶ 17.)

Plaintiff filed suit on August 19, 2008. Discovery has not yet commenced and, because this Motion has not yet been decided, no scheduling order has yet been entered. Plaintiff asks for a declaratory judgment that all Defendants have infringed claims of the '443 Patent either literally or under the doctrine of equivalents. It asks that the Court permanently enjoin Defendants and their agents, servants, officers, directors, employees, and all persons acting in concert with them, directly or indirectly, from infringing, inducing others to infringe, or contributing to the infringement of the '443 Patent. Plaintiff also asks for damages to which it is entitled as a consequence of the infringement of the '443 Patent including lost profit and a reasonable royalty, and treble damages for willfulness, along with prejudgment interest.

In October 2008, Weatherford (but not National, Frank's or OES) filed its request for *inter partes* reexamination of Patent '443 in the United States Patent and Trademark Office ("the PTO"), seeking reexamination of all 70 claims of the '443 Patent. (Doc. No. 51.) The PTO granted the reexamination request in January 2009. (*Id.*) In late January 2009, the PTO issued its first office action by rejecting 58 of the '443 Patent's 70 claims on anticipation and/or obviousness grounds, and it confirmed 12 of the '443 Patent's claims. (Doc. No. 54.) Plaintiff's response to this PTO action is due in late March 2009

and Weatherford's comments are due 30 days thereafter.[1] This Court has jurisdiction under 28 U.S.C. § 1331 and 1338(a).

## II. MOTION TO STAY

Defendants ask that the Court should exercise its discretion and stay the litigation pending the resolution of Weatherford's request for *inter partes* reexamination of all claims of the Patent '443. Plaintiff responds that it will be prejudiced by a stay in this case because Defendants are Plaintiff's competitors and the other factors used to determine a stay weigh against imposing one in this case.

The decision to stay a patent case pending reexamination is entirely in the Court's discretion. *See Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988); *Soverain Software LLC v. Amazon. com, Inc.*, 356 F.Supp.2d 660, 662 (E.D.Tex. 2005) (citations omitted). Management of the court's docket requires "the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936). In determining whether to grant a stay, courts consider several factors: (1) prejudice or tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question; and (3) whether discovery is complete and a trial date has been set. *Soverain Software LLC v. Amazon. com, Inc.*, 356 F.Supp.2d at 662; *Premier Intern. Associates LLC v. Hewlett-Packard Co.*, 554 F.Supp.2d 717, 724 (E.D. Tex. 2008). As noted by the Federal Circuit, reexamination may result in the elimination of most of the issues remaining in the pending litigation.

---

[1] Weatherford asserted a claim for a declaratory judgment of non-infringement against Plaintiff's patent 7,377,324 ("'324 Patent"). Plaintiff avers that it has no intention of asserting the '324 Patent against Weatherford, to which Defendants respond that Plaintiff has refused to provide a covenant not to sue. (Doc. Nos. 59, 48, at 5 n. 3.) Weatherford therefore proceeded with its reexamination request for '324. Weatherford alerted the Court that, on February 10, 2009, the PTO issued its first office action in that reexamination, confirming one of '324 Patent's claims and rejecting 33 of them. (Doc. No. 58.)

3

*Gould v. Control Laser Corp.*, 705 F.2d 1340 (Fed.Cir.1983), *cert. denied* 464 U.S. 935 (1983). The PTO reexamination is less costly than a court proceeding. *See, e.g., Canady v. Erbe Elektromedizin v. GmbH*, 271 F.Supp.2d 64, 68 (D.D.C. 2002) (denying a motion to lift a stay).

**1. Prejudice**

Defendants argue that a stay will not prejudice Plaintiff because a stay will maximize the likelihood that the Court, Plaintiff, and Defendants will not expend assets addressing invalid claims, especially because this case is in its infancy. Defendants also argue that it is disingenuous for Plaintiff to allege that it will suffer extreme prejudice because it has been in litigation with Defendants on similar issues for two years without asserting the '443 Patent. Moreover, Defendants argue that an *inter partes* reexamination provides a compelling reason to grant a stay because estoppel applies to the party requesting and participating in the reexamination proceedings. Defendants argue that discovery would be no more complicated once the reexamination is completed than if it started now.[2] It also argues that any prejudice Plaintiff suffers from loss of market share can be compensated by an appropriate award of money damages.

Plaintiff responds that a stay allows the competitors to infringe Tesco's patent and usurp its market share—an injury that money damages, without an injunction, cannot remedy. Plaintiff argues that the argument about reduced litigation expenses is speculative, and that the lengthy reexamination process will cause problems for discovery as witnesses relocate, memories fade, and documents become difficult to locate.

---

[2] Defendants argue that Tesco understands the merits of a stay because it argued in favor of a stay in other related cases. *See* (*Tesco Corp. v. Varco I/P, Inc.*, C.A. No. H:05-2118) and (*Frank's Casing Crew & Rental Tools, Inc. v. TESCO Corp.*, Case No. 7:07-cv-015, Doc. No. 82.) Plaintiff responds that some of Defendants' counselors have also taken an inconsistent position—in an earlier case, they argued against a stay by noting that a stay is a defense tactic to indefinitely delay resolution of a patent infringement dispute.

4

Furthermore, Plaintiff notes that because National, OES and Frank's have not joined in the reexamination process, they are not estopped from making the same invalidity arguments in this case.

Where the parties are direct competitors, a stay would likely prejudice the non-movant. *See, e.g., Cooper Technologies Co. v. Thomas & Betts Corp.*, No. 2:06-cv-242, 2008 WL 906315, *1 (E.D. Tex. Mar. 31, 2008), *02 Micro Int'l v. Beyond Innovation Tech. Co.*, C.A. No. 2:04-cv-32 (TJW), 2008 WL 4809093, at *1 (E.D. Tex. Oct. 29, 2008); *but see Reebok Intern. Ltd. v. J. Baker, Inc.*, 32 F.3d 1552, 1557 (Fed. Cir. 1994) (upholding a denial of a preliminary injunction and noting that lost sales alone are not sufficient for a preliminary injunction where the plaintiff did not demonstrate harm to reputation); *cf. eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 393 (2006) (vacating the court's decisions below and rejecting the district court's categorical denial of a permanent injunction based on the plaintiff's lack of commercial activity on the patent).

The estoppel effects of an *inter partes* examination can serve to reduce the prejudice to the non-movant. *See, e.g., EchoStar Technologies Corp. v. Tivo*, No. 5:05 cv 81 DF, 2006 WL 2501484, at *2 (E.D. Tex. July 14, 2006) (granting a stay and placing great weight on the estoppel effects on the third-party requester in an *inter partes* reexamination proceeding). Where, as here, however, there are several defendants who are not party to the reexamination proceeding, they are not bound by estoppel effects of the reexamination and estoppel does not affect prejudice (or the simplification of issues, *see infra*) in the same way. *See* 35 U.S.C. § 315(c) (estopping only the third-party requester from asserting the invalidity of any claim finally determined to be valid and patentable on any ground that the requester raised or could have raised during the *inter*

*partes* examination); *Stormedia Texas, LLC v. CompUSA, Inc.*, No. 2:07-cv-025, 2008 WL 2885814 (E.D. Tex. 23, 2008). Because of the limited estoppel effects and the fact that Plaintiff and Defendant are direct competitors, this factor weighs against a stay. Even though the Court may eventually determine that Plaintiff's injuries from lost market share may be fully compensable in money damages, the prejudice from delayed discovery outweigh any mitigating effect these damages might have.

**2. Simplifying the Issues before the Court**

Defendants argue that reexamination simplifies litigation because, in most instances, reexamination cancels at least some of the claims in each reexamined patent. They contend that the pending reexamination is interconnected with all claims in this litigation. For example, they note that, if the PTO invalidates all the '443 Patent claims, the case would be completely resolved; if the claims are amended, infringement contentions and invalidity contentions may be affected; and if the claims are cancelled, disclosures under the local patent rules will change. Defendants contend that, if the court determines that the patent is not invalid, then the PTO must continue its examination because the two fora have different standards for proof for determining invalidity. Defendants assert that reexamination was established as an alternative to expensive court litigation.

Plaintiff responds that these arguments regarding the simplification of issues are speculative because there is no way of knowing which claims will continue to be asserted. Moreover, Plaintiff contends that reexamination only addresses invalidity based on printed publication and prior art and all the other invalidity defenses, and that inequitable conduct pled by NOV and Frank's can only be resolved in litigation.

Likewise, Plaintiff contends that the infringement issues cannot be resolved in the PTO. In addition, Plaintiff argues that litigation may eliminate the need for the PTO's examination. Plaintiff explains that the PTO may not maintain *inter partes reexamination* after a court has determined that a party has not sustained its burden of proving the invalidity of any patent claim in suit, so that a final court determination will close the PTO's reexamination. 35 U.S.C. § 317(b) ("Once a final decision has been entered against a party in a civil action ... that the party has not sustained its burden of proving the invalidity of any patent claim in suit ... an inter partes reexamination requested by that party or its privies on the basis of such issues may not thereafter be maintained by the Office .... This subsection does not prevent the assertion of invalidity based on newly discovered prior art unavailable to the third-party requester and the Patent and Trademark Office at the time of the inter partes reexamination proceedings."); *see also Technology Licensing Corp. v. Videotek, Inc.*, 545 F.3d 1316, 1331 (Fed. Cir. 2008) ("No one suggests that the PTO has power to exercise review authority over a judgment of a federal trial court").

As this Court has previously noted, when a case relies in large part upon the validity of a patent's claims, a stay may be appropriate to avoid duplicative or contradictory rulings as to the patent's validity. *See Weatherford International, Inc. v. Casetech International, Inc.*, No. Civ. A. 03-5383, 2006 WL 581270, at *1 (S.D. Tex. Mar. 8, 2006) (Ellison, J.) (granting a conditionally unopposed motion to stay proceedings, but declining to impose the plaintiffs' conditions); *see also Premier Intern. Associates LLC v. Hewlett-Packard Co.*, 554 F.Supp.2d 717, 725 (E.D. Tex. 2008) (granting a stay because the parties had modified their claims several times and the PTO

7

rejected all the claims in both patents, suggesting that there is significant uncertainty surrounding the claims). On the other hand, the speculative nature of which claims will survive reexamination reduces the weight of this factor. *See, e.g., Cooper Technologies Co. v. Thomas & Betts Corp.*, 2008 WL 906315, at *1. The PTO typically finds that all allegedly infringed claims are cancelled only about 12 percent of the time. *See Soverain Software LLC v. Amazon.com, Inc.*, 356 F.Supp.2d 660, 662-63 (E.D.Tex. 2005) (denying a stay, noting that claims often change during reexamination, suggesting that a stay may be proper in some cases when the change occurs). On the other hand, historically, the PTO has amended, limited, or eliminated the claims in over 70 percent of reexamined patents. *See Spa Syspatronic, AG v. Verifone, Inc.*, C.A. No. 2:07-cv-416, 2008 WL 1886020, at *3 (E.D. Tex. Apr. 25, 2008).

Here, as noted above, because the reexamination does not involve all the parties to the suit, it complicates the effect of the reexamination on the issues in this litigation. In addition, because the PTO's ultimate determination on the claims is still speculative, the Court finds that, at this time, this factor does not weigh in favor of a stay.

### 3. Status of the Case

Defendants argue that, because the case is young and the Court has not yet set the dates for a Markman hearing and trial, a stay is proper. Plaintiff correctly contends that discovery has not yet begun because the Court decided not to enter a scheduling order pending a decision on Defendants' Motion to Stay. Plaintiff contends that this litigation will be completed well before any PTO reexamination is finished.[3]

---

[3] *Plaintiff contends that the patent reexamination process may take years, whereas this case may be decided within less than two years. It claims that another related patent, 7,096,977, has been awaiting determination in the PTO reexamination process for almost two years. (Doc. No. 55.)*

In other cases, courts examine whether discovery has been completed in the current or related cases and the length of the litigation between the two parties. *See, e.g., Power Integrations Inc. v. Fairchild Semiconductor Intern. Inc.*, Civ. No. 08-309-JJF-LPS, 2008 WL 5335400, at *2 (D.Del. Dec. 19, 2008) (denying a stay because, even though discovery was in early stages and the trial date had not yet been set, discovery from a related case was complete and the parties had been litigating infringement and validity issues relating to some of the claims at issue the current litigation for four years); *Network Appliance Inc. v. Sun Microsystems Inc.*, No. C-07-06053 EDL, 2008 WL 4821318, at *1-2 (N.D.Cal. Nov. 3, 2008) (denying a stay because the court had construed some of the claim terms of the patent and discovery had advanced noting the possibility of undue delay because of the length of the patent reexamination process); *ESN, LLC v. CISCO Systems, Inc. and CISCO-LINKSYS, LLC*, C.A No. 5:08-cv-20, (E.D. Tex. Nov. 20, 2008) (denying a stay but holding that the stage of litigation factor weighed in favor of a stay even though 20,000 pages of documents had been produced, a claim-construction hearing had been set, as well as a trial date). Here, the case has just begun, no trial date has been set, and the Court delayed entry of a scheduling order until this motion to stay was decided. This factor weighs in favor of a stay.

### 4. Balancing the Factors

The Court notes that parallel processing of the same patent concurrently consumes federal resources endeavoring to answer essentially the same question. *See MercExchange, L.L.C. v. eBay, Inc.*, 500 F.Supp.2d 556, 556-67 (E.D. Va. 2007) (granting a stay where the PTO's reexamination is underway and the stay was requested prior to trial but after a favorable summary judgment ruling). Here, however, there will

9

be some, but not complete overlap between the PTO's determination and the Court's rulings in this case. Because two factors weigh against a stay and only the stage of litigation (partially determined by the Court's guidance) favors granting the stay, the stay will be denied.

## III. MOTION FOR CONTINUANCE

Also pending before the Court is Defendants' Joint Motion for Continuance of the Trial Setting (Doc. No. 24.) After considering the parties' filings and the applicable law, the Court finds that the Motion should be **GRANTED IN PART**. As per the local patent rules in addition to a one month continuance to allow for the time the Motion to Stay was pending (Defendants' reply was filed November 26, 2008), the trial date shall be continued until May 3, 2010, at 9 a.m.

## IV. CONCLUSION

Defendants' Motion to Stay is **DENIED**. Parties are ordered to submit a scheduling order within 30 days of the entry of this order.

**IT IS SO ORDERED.**

SIGNED this 24th day of February, 2009.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

TO ENSURE PROPER NOTICE, EACH PARTY WHO RECEIVES
THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY
OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH
THEY MAY HAVE BEEN SENT ONE BY THE COURT