UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TESCO CORPORATION, § § | |
| Plaintiff, § § | |
| v. § § | |
| WEATHERFORD INTERNATIONAL, § INC., NATIONAL OILWELL VARCO, § L.P., OFFSHORE ENERGY SERVICES, § INC., and FRANK'S CASING CREW & § RENTAL TOOLS, INC., § § | CIVIL ACTION NO. H-08-2531 |
| Defendants. § | |

## MEMORANDUM AND ORDER

Before the Court are Plaintiff's Motion for Leave to File a First Amended Complaint and Plaintiff's Motion to Dismiss Defendant Weatherford International, Inc.'s Original Counterclaim. (Doc. Nos. 50, 33.) After considering the parties' filings and the applicable law, the Court finds that the Motion for Leave should be granted and the Motion to Dismiss should be denied.

## I. INTRODUCTION

This is an action for patent infringement. In November 2006, Plaintiff Tesco Corporation ("Tesco") was issued United States Patent No. 7,140,443 (the "'443 Patent") entitled "Pipe Handling Device, Method, and System." (Pl. Compl. ¶ 10.) The '443 Patent relates to a casing running tool or casing drive system used to pick up, rotate, and "run" casing in oil wells. (*Id.* at ¶ 12.) Plaintiff asserts that two tools of Weatherford International, Inc. ("Weatherford"), the TorkDrive 500 M Casing Running and Drilling Tool and the 750-Ton OverDrive Casing Running and Drilling System, infringed claims

of the '443 Patent literally and/or under the doctrine of equivalents.[1] (*Id.* at ¶ 13.) Likewise, Plaintiff asserts that the CRT 350 Casing Running Tool ("the CRT 350 Tool") of Defendant National Oilwell Varco, L.P. ("National") infringed claims of the '443 Patent. (Pl. Compl. ¶ 14.) Plaintiff also claims that the use of the CRT 350 Tool by Defendants Offshore Energy Services, Inc. ("OES") and Frank's Casing Crew and Rental Tools ("Frank's") infringed claims of the '443 Patent. (*Id.* at ¶¶ 15-16.)

Plaintiff asserts that Defendants knew of the '443 Patent and willfully disregarded it. (Pl. Compl. ¶ 17.) Plaintiff asks for a declaratory judgment that all Defendants have infringed claims of the '443 Patent either literally or under the doctrine of equivalents. It asks that the Court permanently enjoin Defendants and their agents, servants, officers, directors, employees, and all persons acting in concert with them, directly or indirectly, from infringing, inducing others to infringe, or contributing to the infringement of the '443 Patent. Plaintiff also asks for damages to which it is entitled as a consequence of the infringement of the '443 Patent including lost profit and a reasonable royalty, and treble damages for willfulness, along with prejudgment interest. This Court has jurisdiction under 28 U.S.C. § 1331 and 1338(a).

## II. MOTION FOR LEAVE

Plaintiff filed suit on August 19, 2008. Plaintiff now asserts that it has subsequently discovered that Frank's uses a casing running tool called Frank's FA-1

---

[1] Weatherford asserted a claim for a declaratory judgment of non-infringement against Plaintiff's patent 7,377,324 ("'324 Patent"). Plaintiff avers that it has no intention of asserting the '324 Patent against Weatherford, to which Defendants respond that Plaintiff has refused to provide a covenant not to sue. (Doc. Nos. 59, 48, at 5 n. 3.) Because Plaintiff did not provide a covenant not to sue, Weatherford proceeded with its reexamination request for the '324 Patent. Weatherford alerted the Court that, on February 10, 2009, the PTO issued its first office action in that reexamination, confirming one of '324 Patent's claims and rejecting 33 of them. (Doc. No. 58.)

2

(Frank's All-in-One) that infringes the '443 Patent and asks for leave to amend the Complaint to add this claim.

Plaintiff asserts that its Motion for Leave is timely because it was filed prior to the deadline established in the Proposed Scheduling Order for this case, a scheduling order that has not yet been entered.[2] Plaintiff argues that, under FED. R. CIV. P. 15(a), leave shall be freely given when justice so requires. Plaintiff asserts that none of the factors that weigh against granting leave—undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice and futility of amendment—exist here. Plaintiff asserts that adding the Frank's FA-1 claim does not change the nature of the lawsuit, nor does it preclude Frank's from seeking discovery related to the new claims because the discovery deadline has not yet been set. Plaintiff contends that its actions demonstrate that it diligently sought the information needed to discovery that Frank's tool was infringing the patent and that it learned of the Frank's FA-1 without the benefit of initial disclosures, documents, or answers to interrogatories.

Defendants National and Frank's respond that Plaintiff has not made a showing of good cause as required by the local patent rules and as described in the proposed scheduling order. P.R. 3-7. National and Frank's note that the patent rules provide that "good cause may be found only if the party seeking leave to amend shows that it exercised diligence in seeking the newly discovered information or documents." P.R. 3-7(b). They contend that Plaintiff has not made the required showing that it was diligent.

---

[2] Frank's and National opposed the entry of the proposed scheduling order. (Doc. No. 16.) The entry of a scheduling order has been delayed pending the Court's disposition of Defendants' Motion to Stay. A recent Order denied Defendants' Motion to Stay and required the entry of a scheduling order 30 days from the entry of that Order. (Doc. No. 61.)

3

*Id.*[3] In addition, they note that the scheduling order was never entered and that, even under that order, the Plaintiff was only allowed to file a new allegation of infringement without leave until October 17, 2008.

In the parties' Proposed Scheduling Order, leave would have been required to add or amend infringement contentions at this time. (Doc. No. 16.) As this Scheduling Order was not entered, it does not bind the parties or the Court's discretion. As the parties note, leave to amend a complaint is freely given when justice so requires. FED. R. CIV. P. 15(a). "The trial court should consider whether permitting the amendment would cause undue delay in the proceedings or undue prejudice to the nonmoving party, whether the movant is acting in bad faith or with a dilatory motive, or whether the movant has previously failed to cure deficiencies in his pleadings by prior amendments." *Chitimacha Tribe of Louisiana v. Harry L. Laws Co.*, Inc. 690 F.2d 1157, 1163 (5th Cir. 1982).

Here, the case is in its infancy, and Plaintiff filed its Motion for Leave before discovery has been completed. Plaintiff has not sought prior amendments. Given the interrelatedness between Plaintiff's new infringement claim and the claims at issue in the original Complaint, the Court believes that it would be in the interest of judicial economy to resolve Plaintiff's dispute over Frank's FA-1 at the same time as it resolves the other '443 Patent disputes. The Court does not find that the possibility of prejudice from Plaintiff's amendment will significantly affect the case going forward. Plaintiff's Motion will be granted.

## III. MOTION TO DISMISS WEATHERFORD'S COUNTERCLAIM

---

[3] Parties also reurge arguments address in the Court's Order on the Defendants' Motion to Stay.

4

In its Answer, Weatherford filed a counterclaim for a declaratory judgment that it is not infringing another of Plaintiff's patents, U.S. Patent Number 7,377,324 (the "'324 Patent"), and that the '324 Patent is invalid. It seeks a judicial declaration that it does not make, use, sell or offer for sale any products that infringe any valid claims of the '324 Patent. (Doc. No. 18, ¶ 47.) Likewise, it contends that the claims of the '324 Patent cannot be validly construed to cover any product made, sold, used, leased or offered for sale by Weatherford. (Doc. No. 18, ¶ 50.) Plaintiff moves the Court to dismiss the Original Counterclaim of Defendant Weatherford because it claims that, although the '324 Patent is a continuation of the '443 Patent, Plaintiff is not asserting it here. Plaintiff avers that it has not and will not assert the '324 Patent against Weatherford for past or current products, and consequently, it asks that the claim be dismissed for lack of case or controversy and because Weatherford can have no reasonable apprehension that the alleged patent violation will occur. In the alternative, Plaintiff asks the Court to exercise its discretion and dismiss the action.

Weatherford responds that the '324 Patent is related to the '443 Patent. Weatherford asserts that the '324 Patent is a continuation of the '443 Patent, has the same specification and drawings, claims the benefit of the '443 Patent's filing date, and many of the claims of the '324 Patent are identical to the claims in the '443 Patent. Weatherford contends that while Plaintiff has averred that it will not assert the '324 Patent against Weatherford, it has not stipulated that it will not sue the other Defendants, and it only agreed not to sue on past or current products. Weatherford further claims that, if Plaintiff promises not to assert the '324 Patent against Weatherford's current products, this

promise should extend to the '443 Patent because that patent has claims that allegedly affect the same products and services covered by the broader '324 Patent.

### A. Standard

The court must dismiss a case when the plaintiff fails to establish subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). "It is incumbent on all federal courts to dismiss an action whenever it appears that subject matter jurisdiction is lacking." *Stockman v. Federal Election Com'n*, 138 F.3d 144, 151 (5th Cir. 1998). A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Mississippi, Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (internal quotation marks and citation omitted). The burden of establishing federal jurisdiction rests on the party seeking the federal forum. *Stockman*, 138 F.3d at 151.

The Declaratory Judgment Act provides that "in a case of actual controversy within its jurisdiction ... any court of the United States ... may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The phrase "case of actual controversy" refers to the "Cases" and "Controversies" justiciable under Article III. *See MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126 (2007) (citing *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240 (1937)). To satisfy the Article III case or controversy requirement, the proper inquiry is "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of such immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. at 127 (quoting *Md. Cas. Co.*

*v. Pac. Coal & Oil. Co.*, 312 U.S. 270, 273 (1941)). An "actual controversy" requires that the dispute be "'definite and concrete, touching the legal relations of parties having adverse legal interests'; and that it be 'real and substantial' and 'admi[t] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical set of facts.'" *Teva Pharmaceuticals USA, Inc. v. Novartis Pharmaceuticals Corp.*, 482 F.3d 1330, 1339 (Fed. Cir. 2007) (citing *MedImmune*, 549 U.S. at 127). The burden is on the party claiming declaratory judgment jurisdiction to establish that such jurisdiction existed at the time the claim was filed and continues to exist. *See Benitec Australia, Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340, 1344 (Fed. Cir. 2007) *cert. denied*, 128 S.Ct. 2055 (2008) (collecting cases).

The patentee must take some affirmative act to establish declaratory judgment jurisdiction—"where a patentee asserts rights under a patent based on certain identified ongoing or planned activities of another party, and where the party contends that it has a right to engage in the accused activity ... an Article III case or controversy will arise...." *SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1380-81 (Fed. Cir. 2007). A patentee is no longer required to demonstrate a reasonable apprehension of imminent suit. *See MedImmune*, 549 U.S. at 132 n. 11 (overruling *Gen-Probe v. Vysis, Inc.*, 359 F.3d 1376 (Fed. Cir. 2004)).

**B. Analysis**

A covenant not to sue or a promise not to pursue a lawsuit does not always divest the court of jurisdiction over a declaratory judgment claim. *MedImmune* has called into question many decisions not explicitly overruled, but based on the "reasonable apprehension of imminent suit" test. *See Benitec Australia, Ltd. v. Nucleonics*, 495 F.3d

at 1346 (declining to apply a line of cases that relied on pre-*MedImmune* reasoning that divested the court of declaratory judgment act jurisdiction based on a party's covenant not to sue for infringement). Post-*MedImmune*, courts decline jurisdiction over declaratory judgment claims related to a patent in some cases in which a patentee has made a covenant not to sue on that patent. For example, there is no jurisdiction where a party made a covenant not to sue under the patent at issue, and there is no evidence that the potential infringer ever made or sold any products that infringe the patent. *See Benitec Australia, Ltd.*, 495 F.3d at 1347-1349 (finding that the new drug application would not be filed until at least 2010). There is however, declaratory judgment act jurisdiction if the covenant not to sue for infringement is offered on one of the two patents at issue only after the parties have invested significant resources in discovery, and the patents are closely related. *See Dow Jones & Company, Inc. v. Ablaise Ltd.*, 583 F.Supp.2d 41, 44 (D.D.C. 2008) (holding that the patents were so closely related that the validity of one may be said to form part of the same case or controversy as the other). Likewise, a court has jurisdiction over a declaratory judgment suit for non-validity if the patentee clearly indicates that it has taken steps that suggest it is contemplating an infringement action even though the patentee stated to the other party that it had no plan to sue. *See SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d at 1382-83.

Here, Plaintiff has made a promise not to sue on any of Weatherford's past or current products, a promise similar to the one in *Benitec* that deprived the court of jurisdiction. *See Benitec Australia, Ltd.*, 495 F.3d at 1342 ("Benitec covenants and promises not to sue [the other party] for patent infringement arising from activities and/or products occurring on or before the date dismissal was entered in this action..."); *cf.*

*SanDisk Corp.*, 480 F.3d at 1375; *Benitec Australia, Ltd. v. Nucleonics, Inc.*, 495 F.3d at 1347 (distinguishing *SanDisk*). Likewise, Weatherford has not indicated its intention to begin selling or using tools that Plaintiff might claim infringe the '324 Patent (because of Plaintiff's promise), and therefore, Plaintiff, as the patentee, has not taken actions that suggest that Weatherford would have to choose between illegal action under the '324 Patent and abandoning that which it claims it has a right to do. *Cf. MedImmune*, 549 U.S. at 133-34.

On the other hand, the '443 and '324 Patents involve many of the same claims, and Weatherford contends that the only independent claims of the '324 Patent overlap with those asserted under the '443 Patent. (Doc. No. 40, Ex. C.) This case is very similar to *Dow Jones* in which the court relied, in part, on the relatedness of the two patents to retain jurisdiction over the declaratory judgment action involving the patent for which the plaintiff had offered a covenant not to sue.[4] In *Dow Jones*, the plaintiff had sued on two patents and the defendant counter-claimed for a declaratory judgment that they were invalid; the plaintiff proffered a covenant not to sue as to one of the patents after a year of discovery on both of them. *See Dow Jones*, 583 F.Supp.2d at 44. The *Dow Jones* court thereby found that it should retain jurisdiction over both declaratory judgment claims, even though the infringement action for one of the patents had ended, partially to give

---

[4] The parties have not identified a case in which a plaintiff asserted an infringement action under one patent and the defendant responded with a declaratory judgment claim involving a follow-on or nearly identical other patent. *Teva Pharmaceuticals USA, Inc.*, involves a somewhat analogous situation. There Norvartis' suit for infringement was nominally for one patent, but because the suit was based on the Teva's act of filing a abbreviated new drug application ("ANDA"), Novartis' suit created a controversy that affected all of Teva's patents. 482 F.3d at 1340. The *Teva* court explained that, under the relevant pharmaceutical statutes, by listing its patents in the Orange Book, Novartis represented that a claim of patent infringement could reasonably be asserted if a person not licensed by the owner engaged in the manufacture, use or sale of the generic drug, and it retained the right of an immediate action against the plaintiff for any of the patents implicated in the ANDA. *See* 482 F.3d at 1341. Here, however, there is no such action on the part of the patentee.

effect to the judicial resources already expended on the issue but more importantly, because it found the two patents so related that "the validity or invalidity of one may be said to form "part of the same case or controversy" as the other. *Id.* Here, while Plaintiff sued under the '433 Patent and discovery is in its infancy, the similarity of the two patents compels the result that the court should retain jurisdiction over the declaratory judgment action for the '324 Patent. Because of the similar facts in the *Dow Jones* case and the liberalization of the declaratory judgment standard under *MedImmune*, Plaintiff's Motion will be denied.

## IV. CONCLUSION

The Court finds that Plaintiff's Motion for Leave to File (Doc. No. 50) should be **GRANTED** and Plaintiff's Motion to Dismiss (Doc. No. 33) should be **DENIED**.

**IT IS SO ORDERED.**

**SIGNED** this 26th day of February, 2009.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

TO ENSURE PROPER NOTICE, EACH PARTY WHO RECEIVES
THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY
OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH
THEY MAY HAVE BEEN SENT ONE BY THE COURT