IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **TESCO CORPORATION,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | |
| | § | **CIVIL ACTION NO. H-08-2531** |
| **WEATHERFORD INTERNATIONAL,** | § | |
| **INC., NATIONAL OILWELL VARCO,** | § | |
| **L.P., OFFSHORE ENERGY SERVICES,** | § | |
| **INC., and FRANK'S CASING CREWS &** | § | |
| **RENTAL TOOLS, INC.,** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **Defendants.** | § | |

### WEATHERFORD INTERNATIONAL, INC.'S MOTION TO DISMISS TESCO'S CLAIMS FOR INFRINGEMENT OF THE '324 PATENT AGAINST WEATHERFORD

Defendant and Counterclaimant, Weatherford International, Inc., ("Weatherford") files this Motion to Dismiss Tesco Corporation's Claims for Infringement of the '324 patent against Weatherford pursuant to Federal Rule of Civil Procedure 12(b)(6).

## I.
## OVERVIEW

Despite Tesco Corporation's numerous assurances to this Court that it "**has not and will not assert the '324 Patent against Weatherford**," Tesco has done just that in its Second Amended Complaint. (Dkt. No. 33, Tesco's Motion to Dismiss Weatherford's Original Counterclaim at 1-2 (emphasis added); Dkt. No. 64, Plaintiff's Second Amended Complaint at ¶¶ 24, 29, 30.) Tesco, however, has waived its right to assert the '324 patent against Weatherford for any of its past or current products. Because Tesco now accuses a past or current product of infringing the '324 patent, this Court should dismiss these claims against Weatherford

based upon Tesco's waiver.[1]

## II.
## ARGUMENT AND AUTHORITIES

**A.  Weatherford Meets the Standard for a Dismissal Pursuant to Federal Rule of Civil Procedure 12(b)(6)**

A court may grant a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), even if that failure to state a claim is based on an affirmative defense.  *See, e.g., Garrett v. Commonwealth Mortgage Corp.*, 938 F.2d 591, 594 (5th Cir. 1991) (stating that a court has the ability to grant a 12(b)(6) motion to dismiss if an affirmative defense or other bar to relief is present on the face of the pleadings).

In determining whether a claimant has failed to state a claim for which relief can be granted, a court may look to the face of the pleadings, matters for which the court may take judicial notice, and public records.  *See Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996) (using SEC filings to support a motion to dismiss); *see also Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994) (using a consent judgment to support a motion to dismiss).

Here, the affirmative defense of waiver can be amply supported by the pleadings and the statements made to this Court by counsel for Tesco.  All of the filings in this case constitute either pleadings, matters for which this Court may take judicial notice, or public records.

**B.  Tesco has Affirmatively Waived Its Right To Assert the '324 Patent Against Weatherford's Past or Current Products**

Waiver is the "intentional relinquishment of a known right."  *Tenneco, Inc. v. Enter. Prod. Co.*, 925 S.W.2d 640, 643 (Tex. 1996).  Waiver is a unilateral action; that is, no action is

---

[1] In the Second Amended Complaint, Tesco accuses Weatherford's "TorkDrive 500 M Casing Running and Drilling Tool and 750-Ton OverDrive Casing Running and Drilling System."  (Dkt. No. 64 at ¶ 24 (listing Weatherford's accused products).)  These are the same products that Tesco claimed infringed its '443 patent in its Original Complaint on August 19, 2008; thus these products are covered by Tesco's waiver. (Dkt. No. 1, Plaintiff's Original Complaint at ¶ 13 (naming same products in Original Complaint).)

required of the party in whose favor the waiver operates. Weatherford need not show that it detrimentally relied upon the waiver, or that it took any action in response to Tesco's waiver. *See Howell v. Homecraft Land Dev.*, 749 S.W.2d 103, 108-109 (Tex. App.—Dallas 1987, writ denied). The waiver is complete when the intentional relinquishment of the known right occurs. *See id.*

A party's express renunciation of a known right can establish waiver. *See, e.g., Alford Meroney & Co. v. Rowe*, 619 S.W.2d 210, 213 (Tex. App.—Amarillo 1981, writ ref'd n.r.e.) (discussing the different ways a party may establish waiver). Further, where waiver is clearly expressed, as in this case, the question of waiver is a question of law. *See Tenneco*, 925 S.W.2d at 643.

Tesco knew that it had the right to assert the '324 patent against Weatherford. Yet, it has relinquished its right to seek a finding of infringement of the '324 patent for Weatherford's current and past products by expressly stating to this Court that it would not assert the '324 patent against Weatherford's current or past products. Tesco has declared to this Court that:

- "Tesco has never alleged that Weatherford's products infringe the '324 Patent, **nor will Tesco do so in the future**." (Dkt. No. 33 at 1) (emphasis added);

- **"Tesco expressly states to this Court that Tesco has not and will not assert the '324 Patent against Weatherford**." (*Id.* at 1-2) (emphasis added);

- "Second, to the extent that Weatherford truly has an unsubstantiated 'reasonable apprehension of suit,' Tesco hereby puts such apprehension to rest: **Tesco affirmatively states that it will not assert the '324 Patent against Weatherford's current or past products**." (*Id.* at 5) (emphasis added);

- "Because Tesco has never alleged infringement of the '324 Patent and has no intention of suing Weatherford on the '324 Patent, Counts V-VII should be dismissed under 12(b)(1) for lack of subject matter jurisdiction due to a lack of actual controversy in this case." (*Id.* at 6);

- "Considering that Tesco has not asserted the '324 Patent against Weatherford, **nor is there even a remote chance that this will become an issue in the future**, if the issue is [*sic*] does not satisfy mootness, then it is clearly not ripe for adjudication." (*Id.* at 6, n.2) (emphasis added);

- "Tesco has made it quite clear that it does not intend to assert the '324 Patent against Weatherford, nor in the future based on Weatherford's current products." (Dkt. No. 59 at 1) (emphasis added);

Tesco has thus waived its right to seek a finding of infringement against Weatherford for the "TorkDrive 500 M Casing Running and Drilling Tool and 750-Ton OverDrive Casing Running and Drilling System" because these products were known to Tesco before it announced to this Court that it did not intend to seek a finding of infringement. Indeed, these products were accused of infringing the '443 Patent in Tesco's Original Complaint.

### III.
### CONCLUSION

Because Tesco has expressly relinquished its right to seek a finding that Weatherford infringed its '324 patent for any of Weatherford's past or current products, Tesco should not now be allowed to sue Weatherford for its past and current products. Therefore, this Court should dismiss all of Tesco's claims against Weatherford for infringement of the '324 patent found currently in Tesco's Second Amended Complaint. Weatherford further seeks all relief for which it is entitled.

Dated: March 23, 2009                                       Respectfully submitted,

                                                            */s/   Lucas T. Elliot*
                                                            Paul E. Krieger, Bar No. 11726470
                                                            Lucas T. Elliot, Bar No. 06534150
                                                            MORGAN, LEWIS & BOCKIUS LLP
                                                            1000 Louisiana Street, Suite 4200
                                                            Houston, Texas  77002
                                                            Tel:  (713) 890-5000
                                                            Fax:  (713) 6890-5001

                                                            COUNSEL FOR DEFENDANT,
                                                            WEATHERFORD INTERNATIONAL, INC.

OF COUNSEL:

Thomas R. Davis
Morgan, Lewis & Bockius LLP
1717 Main Street, Suite 3200
Dallas, Texas  75201
Tel: (214) 466-4000
Fax: (214) 466-4001

**CERTIFICATE OF SERVICE**

I hereby certify that on March 23, 2009, a copy of the foregoing document was filed electronically with the clerk of the court for the U. S. District Court, Southern District of Texas, Houston Division, using the electronic case filing system of the court. Therefore, this document was served on all counsel who are deemed to have consented to electronic service.

  /s/ *Elizabeth Hudson Ducote*
Elizabeth Hudson Ducote