IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TESCO CORPORATION, | § § § | |
| Plaintiff | § § | |
| v. | § § | |
| WEATHERFORD INTERNATIONAL, INC.; NATIONAL OILWELL VARCO, L.P.; OFFSHORE ENERGY SERVICES, INC. AND FRANK'S CASING CREW AND RENTAL TOOLS, INC., | § § § § § § § | Civil Action No. H-08-2531 |
| Defendants | § | |

## DEFENDANT OFFSHORE ENERGY SERVICES, INC.'S INITIAL DISCLOSURE STATEMENT TO PLAINTIFF, TESCO CORPORATION

Defendant, Offshore Energy Services, Inc. ("OES"), pursuant to Rule 26(a) F.R.C.P. and the Rules of Patent Practice for Patent Cases for the Southern District of Texas (Southern District Patent Rules), provides the following written Statement of Written Disclosures to Plaintiff, Tesco Corporation ("Tesco").

These disclosures are based on information presently available to OES. OES reserves the right to supplement, amend, modify, or alter its initial disclosures as additional information becomes available and if required by FED. R. CIV. P. 26(e) and the Southern District Patent Rules.

Further, by making these disclosures, OES does not represent that it is identifying all information and every document, tangible thing, or witness relevant to this action, nor does OES waive its rights to object to the production of any information, document, or tangible thing disclosed on the basis of privilege, the work product doctrine, relevance, undue burden, or any other valid objection. Rather, OES's disclosures represent a good faith effort to identify information it believes may support its claims and defenses, as

required.

All disclosures made herein are made subject to the above objections and qualifications.

## DISCLOSURES

**(a)   Parties to the Lawsuit**

Tesco Corporation (Tesco);

Weatherford International, Inc. (Weatherford);

National Oilwell Varco, L.P. (NOV);

Offshore Energy Services, Inc. (OES); and

Frank's Casing Crew and Rental Tools, Inc. (Franks).

**(b)   Potential Parties to the Lawsuit**

OES is unaware of any additional parties at this time.

**(c)   Legal Theories and Factual Basis for OES's Claims**

The legal theories and, in general, the factual bases for OES's defenses and counterclaims can be ascertained from OES's Answer and Counterclaims filed on September 10, 2008 and OES's Amended Answer and Counterclaim filed on March 26, 2009.

For further disclosure, OES asserts that it does not currently, nor has it ever infringed any valid claim of U. S. Patent No. 7,140,443 (the "'443" Patent) or U. S. Patent No. 7,377,324 (the "'324" Patent), either literally or under the doctrine of equivalents. Furthermore, OES has not indirectly infringed the above claims. In addition, OES asserts that all of the claims of the '443 Patent and the '324 Patent are invalid as anticipated under 35 U.S.C. § 102, obvious under 35 U.S.C. § 103 or invalid under the requirements of 35 U.S.C. § 112.

OES also notes that most claims of the '443 Patent and the '324 Patent have been rejected by the United States Patent Office as anticipated and/or obvious in view of prior art, the rejections being set forth in greater detail in *Inter partes* Reexaminations of the '443 Patent and '324 Patent filed by Weatherford.

In addition to the above, OES asserts that Tesco's damages and claims are either barred or limited by (1) the marking and notice requirements of 35 U.S.C. § 287; and/or (2) by the doctrine of equitable estoppel.

OES reserves the right to supplement this response.

**(d)** **Names of Persons Who May Have Relevant Knowledge**

The following list provides the name and, if known, the address and telephone number of each individual presently known by OES that is likely to have discoverable information that OES may use to support its claims and defenses, unless used solely for impeachment. The issues in this case are not yet fully developed and OES's investigation is ongoing. Additionally, OES has not yet received proper infringement contentions and related discovery documents from Tesco and therefore OES is currently unaware of the exact nature of OES's infringement. Accordingly, OES reserves the right to identify additional individuals at a later date when the nature of Tesco's claims are identified with sufficient detail. OES requests that Tesco not contact any of the individuals listed below who are OES employees. Any contact of such individuals should be through OES's counsel.

In addition to OES employees listed below, OES identifies other individuals that may have relevant information. OES also identifies individuals that are authors or inventors of prior art that OES believes invalidates the asserted patents. As presently known, the prior art that Weatherford has submitted to the PTO in its Requests for *Inter partes* Reexaminations of the '443 Patent and '324 Patent contain the names of each such inventor or author. OES is unaware of the current address of any such author or inventor, but reserves the right to supplement when such information becomes known.

**(i)     Employees Who May Have Relevant Knowledge**

|   | Name | Area of Knowledge | Last Known Address |
|---|------|-------------------|---------------------|
| 1 | Steve Roussell<br>Executive Vice President<br>OES | Knowledge regarding the business relationship between OES and NOV regarding NOV's CRT350 casing running tool and the OES fill-up tool used therewith | 5900 U.S. Hwy 90 East<br>Broussard, LA  70518<br>(337) 233-3442 |
| 2 | Jamie Meaux<br>Engineering Manager for OES | Operational knowledge of the NOV CRT350 casing running tool; participated in assembly and testing of the NOV CRT350 casing running tool; involved in development, manufacture, and assembly of OES fill-up tool used with the NOV CRT350 casing running tool | 5900 U.S. Hwy 90 East<br>Broussard, LA  70518<br>(337) 233-3442 |
| 3 | Charles Garber, Jr.<br>Vice President and Treasurer<br>OES | Familiar with financial factors regarding OES's use of the NOV CRT350 casing running tool | 5900 U.S. Hwy 90 East<br>Broussard, LA  70518<br>(337) 233-3442 |

**(ii)    Other Parties Who May Have Relevant Knowledge**

|   | Name | Area of Knowledge | Last Known Address |
|---|------|-------------------|---------------------|
| 1 | Thomas Kirby Arceneaux<br>Former employee of OES | Involved in initial discussions between OES and NOV regarding the NOV CRT350 casing running tool. | Wellbore Energy Solutions, LLC |

| 2 | Steve Sheppert Former employee of OES. | Attended meetings with NOV regarding operational review of the NOV CRT350 casing running tool; participated in assembly and testing of the NOV CRT350 casing running tool and was involved in development, manufacture, and assembly of OES's fill-up tool used with the NOV CRT350 casing running tool. | Global X-Ray |
|---|---|---|---|

Other individuals not specifically known to OES at this time may possess relevant information, particularly information relating to the invalidity or unenforceability of the '443 Patent and/or '324 Patent. Such individuals include: (1) authors of prior art publications and patents relevant to the subject matter of the '443 Patent and/or '324 Patent, (2) individuals having knowledge of any prior use, sales, offers to sell, or inventions relevant to the subject matter of the '443 Patent and/or '324 Patent, (3) individuals having knowledge of the level of ordinary skill in the art to which the alleged inventions in the '443 Patent and/or '324 Patent pertain, (4) individuals having knowledge of the circumstances or manner of conception and reduction to practice of the alleged inventions disclosed in the '443 Patent and/or '324 Patent, (5) individuals having knowledge of the ownership or rights in the '443 Patent and/or '324 Patent, (6) individuals with knowledge of the technology relevant to any inventions disclosed in the '443 Patent and/or '324 Patent, and (7) any individuals or entities identified by Tesco in its disclosures. Additionally, employees of third parties, such as oil companies, drilling contractors, and service companies may have information about activities such as offers for sale, public use, other prior art, derivation, or prior inventorship that would render the asserted claims invalid or

unenforceable.  Such persons might also have information about the alleged infringement and/or valuation of Tesco's alleged damages.

The prosecution attorneys for the '443 Patent and/or '324 Patent may also have knowledge of prior art, prior use, and matters related to inequitable conduct before the PTO.

**(e)     Relevant Documents**

(1)     Documents supporting OES's claims that the '443 Patent and the '324 Patents are invalid under 35 U.S.C. § 102, § 103, and/or § 112.

(2)     Documents supporting OES's defenses and counterclaims that OES does not directly, or indirectly, infringe any valid claim of the '443 Patent or the '324 Patents.

(3)     Documents, including sales, expenses and revenue data relative to Tesco's alleged damages.

(4)     Documents relating to the operation and structure of the NOV CRT350 casing running tool.

(5)     Documents supporting OES's claim that it is entitled to recover damages and interests and recovery of costs and attorneys' fees, including interest, pursuant to 35 U.S.C. § 285.

**(f)     Computation of Damages**

OES claims it is entitled to recover damages from Tesco as follows:

(1)     damages and interest the Court deems just and proper; and

(2)     recovery of costs and attorneys' fees, including interest under
        35 U.S.C. § 285.

**(g)     Insurance and Indemnity Agreements**

There is an indemnification provision in a sales arrangement between NOV and OES regarding the NOV CRT350 casing running tool.  There are no insurance agreements under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action.

**(h)     Settlement Agreements**

OES is presently unaware of any settlement agreements relevant to the subject matter of this action.  However, OES reserves the right to supplement this response.

**(i)     Parties' Statements**

OES is presently unaware of any statement of any party to this action.  However, OES reserves the right to supplement this response.

## **CERTIFICATION**

The undersigned hereby certifies that to the best of his knowledge, information, and belief, formed after a reasonable inquiry, the disclosures above are complete and accurate as of the time that they are made.

Dated: March 26, 2009

                                                        Respectfully submitted,

By:     /s/ C. James Bushman

C. James Bushman – Attorney in Charge
Loren G. Helmreich
ATTORNEY FOR DEFENDANT
Browning Bushman P.C.
5851 San Felipe, Suite 975
Houston, Texas 77057
Office: (713) 266-5593
Fax (713) 266-5169

**CERTIFICATE OF SERVICE**

Pursuant to Local Rule 5.3 of the Local Rules for the United States District Court for the Southern District of Texas, I hereby certify that a copy of the above and foregoing pleading, DEFENDANT OFFSHORE ENERGY SERVICES, INC.'S INITIAL DISCLOSURE STATEMENT TO PLAINTIFF, TESCO CORPORATION, has been served on this 26th day of March 2009, on all counsel of record who have consented to electronic notification via CM/ECF through the United States District Court for the Southern District of Texas listed below:

    Glenn A. Ballard, Jr.
    John F. Luman III
    Andrew W. Zeve
    BRACEWELL & GIULIANI LLP
    711 Louisiana, Suite 2300
    Houston, Texas  77002
    Tel: 713-223-2300
    Fax: 713-221-1212
    Email: glenn.ballard@bracewellguiliani.com
           john.luman@bracewellguiliani.com
           andrew.zeve@bracewellguiliani.com
    ATTORNEYS FOR PLAINTIFF TESCO CORPORATION


    Robert M. Bowick, Jr.
    Guy E. Matthews
    Frank Z. Lin
    MATTHEWS LAWSON & BOWICK, PLLC
    2000 Bering Dr. Ste. 700
    Houston, Texas 77057
    Tel:  713-355-4200
    Fax:  713-355-9689
    Email:  rbowick@matthewsfirm.com
            gmatthews@matthewsfirm.com
            flin@matthewsfirm.com
    ATTORNEYS FOR DEFENDANT NATIONAL OILWELL VARCO, LP


    Paul E. Krieger
    Lucas T. Elliot
    MORGAN, LEWIS & BOCKIUS, LLP
    1000 Louisiana St., Suite 4200

Houston, Texas 77002
Tel:  713-890-5000
Fax:  713-890-5001
Email: pkrieger@morganlewis.com
       lelliot@morganlewis.com

and

Thomas R. Davis
MORGAN, LEWIS & BOCKIUS, LLP
1717 Main St., Suite 3200
Dallas, Texas 75201
Tel: 214-466-4000
Fax: 214-466-4001
Email: tdavis@morganlewis.com
ATTORNEYS FOR DEFENDANT WEATHERFORD INTERNATIONAL, INC.

Lester L. Hewitt
AKIN GUMP STRAUSS HAUER & FELD, LLP
1111 Louisiana, Suite 4400
Houston, Texas 77002
Tel: 713-220-5800
Fax: 713-236-0822
Email:  lhewitt@akingump.com
ATTORNEYS FOR DEFENDANT FRANK'S CASING CREW AND RENTAL TOOLS, INC.

       /s/ C. James Bushman
       C. James Bushman

X:\CJB_Clients\OES-3\Initial Disclosure Statement.doc