UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TESCO CORPORATION, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | |
| WEATHERFORD INTERNATIONAL, | § | |
| INC., NATIONAL OILWELL VARCO, | § | CIVIL ACTION NO. H-08-2531 |
| L.P., OFFSHORE ENERGY SERVICES, | § | |
| INC., and FRANK'S CASING CREW & | § | |
| RENTAL TOOLS, INC., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Before the Court is the Motion to Dismiss Tesco's Claims for Infringement of the '324 Patent Against Weatherford of Defendant Weatherford International, Inc. ("Weatherford"). (Doc. No. 87.) After considering the parties' filings and the applicable law, the Court finds that the Motion to Dismiss should be denied.

## I. INTRODUCTION

This is an action for patent infringement under 35 U.S.C. §§ 271 and 281-285. In November 2006, Plaintiff Tesco Corporation ("Tesco") was issued United States Patent No. 7,140,443 (the "'443 Patent") entitled "Pipe Handling Device, Method, and System." (Pl. 3d Am. Compl. ¶ 10.) The '443 Patent relates to a casing running tool or casing drive system used to pick up, rotate, and "run" casing in oil wells. (*Id.* at ¶ 12.) In May 2008, Tesco was issued United States Patent No. 7,377,324 B2 (the "'324 Patent") entitled "Pipe Handling Device, Method and System" as a continuation of the '443 patent. (*Id.* at ¶ 13.)

1

Tesco filed suit in August 2008 against Defendants for violating the '443 Patent. Weatherford answered, and brought three claims for relief pertaining to the '324 Patent, including a declaration of non-infringement, invalidity, and estoppel. In October 2008, Tesco filed a Motion to Dismiss Weatherford's Counterclaims as to the '324 Patent. (Doc. No. 33.) In that Motion, Tesco explained "Tesco, well aware that it could assert two patents against Weatherford, only brought suit on one patent, the '443 Patent in an effort to simplify and steamline its case." (*Id.* at 1.) In responding to that Motion to Dismiss, Weatherford contended that, while Plaintiff has averred that it will not assert the '324 Patent against Weatherford, it has not stipulated that it will not sue the other Defendants, and it only agreed not to sue on past or current products. Weatherford demanded that Tesco sign a covenant not to sue Weatherford on the '324 Patent, which Tesco declined to do and, therefore, Weatherford proceeded with a reexamination request for the '324 Patent.[1] (Doc. No. 48, at 5 n. 3.)

The Court denied Tesco's Motion to Dismiss Weatherford's Counterclaims related to the '324 Patent. (Doc. No. 62.) Weatherford then reasserted its declaratory judgment action related to the '324 Patent in subsequent Answers. (Weatherford's Am. Ans., Doc. No. 88.) In its Third Amended Complaint, Tesco responded with infringement claims for the '324 Patent. Tesco claimed that Weatherford and other Defendants, including Defendants National Oilwell Varco, L.P., Offshore Energy Services, Inc. and Frank's Casing Crew and Rental Tools, willfully, deliberately, and intentionally infringed claims of the '324 Patent. (Pl. 3d Am. Compl. ¶¶ 23-28.) This Court has jurisdiction under 28 U.S.C. § 1331 and 1338(a).

---

[1] Weatherford began the *inter partes* reexamination process for the '324 Patent with the U.S Patent and Trademark Office ("PTO") in November 2008. (Doc. No. 58.) In February 2009, the PTO rejected 33 of the '324 Patent's 34 claims, but confirmed one. (*Id.*)

## II. MOTION TO DISMISS

### A. Standard

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). When considering a Rule 12(b)(6) motion to dismiss, a court must "accept the complaint's well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (May 18, 2009) (quoting *Twombly*, 550 U.S. at 570). Although the Court generally considers a motion to dismiss for failure to state a claim based on the face of the Complaint, the Court may also take notice of matters of public record when considering a 12(b)(6) motion. *See Davis v. Bayless*, 70 F.3d 367, 372 n.3 (5th Cir. 1995); *Cinel v. Connick*, 15 F.3d 1338, 1343 n. 6 (5th Cir. 1994).

### B. Analysis

Defendant Weatherford now moves to dismiss Tesco's patent infringement claims arising out of the '324 patent because it claims Tesco waived its right because of prior representations made to this Court. Tesco responds that it has alleged sufficient facts to

state a claim for patent infringement of the '324 Patent and that it has not waived its right to assert that claim.

### 1. Compulsory Counterclaims

Tesco claims that the Court's Order allowing Weatherford to proceed with its declaratory judgment for the '324 Patent compelled Tesco to counterclaim for patent infringement.

Rule 13(a) states:

> Compulsory Counterclaims. A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

FED. R. CIV. P. 13(a). Because of the configuration of the parties, rather than counterclaiming, Tesco asserted that each Defendant infringed the '324 Patent in its Third Amended Complaint. (Doc. No. 79.)

The Federal Circuit has recognized that an infringement claim arising from an action for declaration of non-infringement of the same patent, readily meets the criteria for a compulsory counterclaim and should be joined to a declaratory judgment claim for that patent. *Vivid Technologies, Inc. v. American Science & Engineering, Inc.*, 200 F.3d 795, 802-03 (Fed. Cir. 1999) (applying factors discussed in 6 Wright & Miller § 1410). If a party does not bring a claim of infringement in the declaratory judgment action involving that patent, the infringement claim is waived pursuant to Rule 13. *Polymer Industrial Products Co. v. Bridgestone/Firestone, Inc.*, 347 F.3d 935, 937-38 (Fed Cir. 2003). *See also Schinzing v. Mid-States Stainless, Inc.*, 415 F.3d 807, 813-14 (8th Cir. 2005). *But see Allan Block Corp. v. County Materials Corp.*, 512 F.3d 912, 916-17 (7th

4

Cir. 2008) (disagreeing with *Polymer's* description of the preclusive effect of Rule 13(a) because of the declaratory judgment exception to res judicata, but noting that, in the patent infringement context, if a plaintiff wins a non-infringement declaratory judgment action, that declaratory judgment would be a complete defense to a later infringement action based on the patent involved).

Weatherford responds that the fact that the Court found that it had jurisdiction to determine Weatherford's declaratory judgment action does not require Tesco to seek damages for the alleged infringement of the '324 Patent. That is, Weatherford contends that Tesco may defend the declaratory judgment action of the '324 Patent, but may not defend the action by seeking a declaration of non-infringement and invalidity of the '324 Patent.

Assume, for the sake of argument, that Weatherford succeeds on its declaratory judgment claim as to its non-infringement of the '324 Patent. In that case, if the Court dismisses Tesco's infringement claim against Weatherford for the '324 Patent, Tesco would be barred from a future action alleging infringement by the declaratory judgment action. The Federal Circuit has indicated that infringement counterclaims are compulsory in declaratory judgment actions for the same patent regarding the same technology, and has even suggested that Rule 13 may act to bar infringement claims that are not properly raised in a declaratory judgment action. By holding as it did in its previous Orders, the Court intended to allow both parties to fully litigate their patent issues in this action—not strip Tesco of its opportunity to raise an infringement action for the '324 Patent now, or in a later action.

**2. Waiver**

Waiver is the intentional relinquishment of a right actually known, or intentional conduct inconsistent with claiming that right. *Ulico Casualty Company v. Allied Pilots Association*, 262 S.W.3d 773, 778 (Tex. 2008) (citations omitted). The elements of waiver include (1) an existing right, benefit, or advantage held by a party; (2) the party's actual knowledge of its existence; and (3) the party's actual intent to relinquish that right, or intentional conduct inconsistent with the right. *Id.* at (citation omitted). Waiver does not require the party asserting it to demonstrate detrimental reliance. *Howell v. Homecraft Land Dev.*, 749 S.W.2d 103, 108-09 (Tex. App.—Dallas 1987, writ denied). Waiver is typically a fact-intensive inquiry not resolved on a motion to dismiss. *First Interstate Bank of Arizona v. Interfund Corp.*, 924 F.2d 588, 595 (5th Cir. 1991) (internal citations omitted). "The acts, words or conduct relied upon to establish intention must be such as to manifest an unequivocal intention to no longer assert the right." *Id.* at 595 (internal quotations omitted). For example, a party may waive its rights when a contracting party fails to insist on a contract provision for a period of time, but then tries to litigate under that provision. *See, e.g.*, *Tenneco, Inc. v. Enterprise Products Co.*, 925 S.W.2d 640, 643 (Tex. 1996). However, when the surrounding facts and circumstances are undisputed, the question of intent may become one of law. *See, e.g.*, *In re General Elec. Capital Corp.*, 203 S.W.3d 314, 316 (Tex. 2006).

In its Motion to Dismiss Weatherford's Counterclaim regarding the '324 Patent, Tesco repeatedly asserted that it has never alleged that Weatherford's products infringe the '324 Patent and that it will not assert the '324 Patent against Weatherford's current or past products. (Doc. No. 33.) Tesco reiterated these statements in its Notice regarding *inter-partes* reexamination of the '324 Patent. (Doc. No 59.) Weatherford argues that

these statements, contained in court filings, establish that Tesco has waived its right to assert the '324 Patent against Weatherford.

Tesco avers that, rather than waiving its right to bring the '324 infringement action, Tesco previously offered an agreement wherein Weatherford would withdraw its declaratory judgment action for the '324 Patent in exchange for Tesco's offer to litigate only the '443 Patent. Moreover, it contends that waiver is a fact-intensive inquiry not resolved on a motion to dismiss. *First Interstate Bank of Arizona v. Interfund Corp.*, 924 F.2d 588, 595 (5th Cir. 1991) (internal citations omitted). In addition, it contends that Weatherford points to no affirmative act or conduct by Tesco that waives the right to sue under the '324 Patent. Tesco notes that Weatherford's citations to waiver caselaw are not cases involving patents.

Here, in its Motion to Dismiss, Tesco did make declarative statements that it will not assert the '324 Patent against Weatherford for past or current products. (Doc. No. 33, at 1-2, 5, 6.) On the other hand, had the Court found that Tesco intentionally relinquished its right to sue for infringement of the '324 Patent against Weatherford for all past, present, and related future products of Weatherford, it would have necessarily found that no case or controversy existed as to Weatherford's declaratory judgment action, and it would have granted Weatherford's Motion to Dismiss.

Likewise, if, at any stage of the litigation, the parties are able to agree to a covenant not to sue as to the infringement claims, as it acknowledged in previous Orders, the Court would lack jurisdiction over declaratory judgment actions as to those claims. This is not the current state of the litigation, and Weatherford's waiver arguments must

fail absent future factual evidence that Tesco actually intended to enact a covenant not to sue.

## IV. CONCLUSION

Weatherford's Motion to Dismiss is **DENIED WITHOUT PREJUDICE** to refiling should the parties reach an agreement regarding a covenant not to sue concerning the '324 Patent.

**IT IS SO ORDERED.**

**SIGNED** this 1ST day of July, 2009.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO ENSURE PROPER NOTICE, EACH PARTY WHO RECEIVES
THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY
OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH
THEY MAY HAVE BEEN SENT ONE BY THE COURT**