UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TESCO CORPORATION, | § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO. H-08-2531 |
| WEATHERFORD INTERNATIONAL, INC., et al. | § § § § | |
| Defendants. | § § | |

## MEMORANDUM AND ORDER

Pending before the Court are National Oilwell Varco ("NOV") and Frank's Casing Crew's ("Frank's") Motion for Partial Reconsideration (Doc. No. 382), Tesco Corporation's ("Tesco") Motion for Partial Reconsideration (Doc. No. 395) and Frank's Motion for Partial Reconsideration (Doc. No. 403). All three motions ask the Court to alter its Memorandum and Order of September 27, 2010 (Doc. No. 386) ("September 27 Order").

NOV and Frank's ask the Court to reconsider its finding that summary judgment was inappropriate under the doctrine of equivalents for claim 18 of Tesco's '443 patent. In the September 27 Order, the Court found that prosecution history estoppel barred Tesco from claiming infringement under the doctrine of equivalents for claim 43 of the '443 patent and claim 4 of the '324 patent. The Court found, however, that at that time Frank's and NOV had not shown that prosecution history estoppel applied to claim 18 of the '443 patent. (Doc. No. 386, at 34-37.)

1

NOV and Frank's now provide authority that makes clear that prosecution history estoppel applies to claim 18 of the '443 patent. In order "to ensure consistent interpretation of the same claim terms in the same patent," the Federal Circuit has held that "that subject matter surrendered via claim amendments during prosecution is also relinquished for other claims containing the same limitation." *Glaxo Wellcome, Inc. v. Impax Laboratories, Inc.*, 356 F.3d 1348, 1356 (Fed. Cir. 2004); *see also American Permahedge, Inc. v. Barcana, Inc.*, 105 F.3d 1441, 1446 (Fed. Cir. 1997) ("under the doctrine of equivalents, we see no reason to assign different ranges of equivalents for the identical term used in different claims in the same patent, absent an unmistakable indication to the contrary"); *Builders Concrete, Inc. v. Bremerton Concrete Products Co.*, 757 F.2d 255, 260 ("The fact that the "passage" clause of patent claim 10 was not itself amended during prosecution does not mean that it can be extended by the doctrine of equivalents to cover the precise subject matter that was relinquished in order to obtain allowance of claim 1."). To hold otherwise would be to exalt form over substance and distort the logic of this jurisprudence, which serves as an effective and useful guide to the understanding of patent claims." *Id.*[1] Accordingly, because prosecution history estoppel applies to the "channel key" limitation of claim 43 of the '443 patent, it also applies to the "channel key" limitation of claim 18 of the '443 patent. Tesco is estopped from claiming infringement of claim 18 under the doctrine of equivalents.

The Court also wishes to correct a typographical error in the September 27 Order, as pointed out by Defendants at a recent hearing. On page 32 of that order, the sentence that stated, "Such speculation in insufficient to meet the clear and convincing evidence standard to prove infringement" is hereby amended to read, "Such speculation is

---

[1] Tesco does not cite any authority to the contrary in its response. (Doc. No. 394).

insufficient to meet the preponderance of the evidence standard to prove infringement." In granting summary judgment of no literal infringement of the "channel key" and "fitted for anti-rotation" claims, the Court found that no genuine issue of material fact remains as to whether Tesco can prove by a preponderance of the evidence that Defendants literally infringed those claims.

Finally, having considered the parties' motions and exhibits as well as the applicable law, the Court does not find it appropriate to alter the September 27 Order in any of the other ways requested by the parties.

## CONCLUSION

NOV's and Frank's Motion for Partial Reconsideration (Doc. No. 382) is **GRANTED IN PART AND DENIED IN PART**. Tesco's Motion for Partial Reconsideration (Doc. No. 395) and Frank's Motion for Partial Reconsideration (Doc. No. 403) are **DENIED**.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 22 day of October, 2010.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE