UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TESCO CORPORATION, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-08-2531 |
| § | |
| WEATHERFORD INTERNATIONAL, § | |
| INC., et al. § | |
| § | |
| Defendants. § | |
| § | |

## ORDER

Pending before the Court is Plaintiff Tesco Corporation's Second Motion for Protection from Defendants' Post-Verdict Discovery (Doc. No. 666); Defendant National Oilwell Varco L.P.'s Motion to Compel Discovery from Tesco Corporation (Doc. No. 670); and Defendant Frank's Sealed Corrected Motion to Compel Answers to Frank's Interrogatories Nos. 45 to 56 (Doc. No. 684).[1] After considering the motions, all responses thereto, the applicable law, and the arguments made by counsel at the hearing on February 3, 2012, the Court orders that these motions should be **DENIED WITHOUT PREJUDICE**. The parties should proceed as follows:

1. Tesco must allow electronic discovery of its email server, conducted by a third party, with a relevant period of June 1, 2002 to November 15, 2002, as previously ordered by this Court (Doc. No. 649) and agreed upon by Tesco (Doc. No. 640 at 2; Doc. No. 647 at 4). According to Tesco's representations at the hearing, this should take approximately one week.

---

[1] This Motion was initially filed as Doc. No. 681, but was corrected and refiled as Doc. No. 684.

2. Within thirty days after this production is finished, the parties may file any motions for summary judgment.

3. If the Court's decision finds that any issues of material fact remain, any party may move for additional discovery at that time.

The Court also **DENIES** Defendant Frank's Motion for a Stay (Doc. No. 630). Frank's asks the Court to issue a stay only after the Court has decided any motions for summary judgment and post-trial discovery is complete. (Doc. No. 703 at 5.) In determining whether to grant a stay, courts generally consider several factors: (1) prejudice or tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question; and (3) the stage of the litigation, such as whether discovery is complete and a trial date has been set. *Soverain Software LLC v. Amazon.com, Inc.*, 356 F.Supp.2d 660, 662 (E.D. Tex. 2005); *Premier Intern. Associates LLC v. Hewlett-Packard Co.*, 554 F. Supp. 2d 717, 724 (E.D. Tex. 2008).

Tesco contends that a stay would cause Tesco prejudice, as Frank's is a direct competitor and continues to infringe Tesco's patents. Where the parties are direct competitors, a stay would likely prejudice the non-movant. *See, e.g., Cooper Technologies Co. v. Thomas & Betts Corp.*, No. 2:06-cv-242, 2008 WL 906315, *1 (E.D. Tex. Mar. 31, 2008), *02 Micro Int'l v. Beyond Innovation Tech. Co.*, C.A. No. 2:04-cv-32 (TJW), 2008 WL 4809093, at *1 (E.D. Tex. Oct. 29, 2008). The jury found that Defendants' tools directly infringed on all of the claims at issue. Although the Court is aware of the inconsistencies in the jury verdict, it is allowing Defendants the opportunity to conduct post-trial discovery and proceed with motions for summary judgment to remedy this situation. It would be prejudicial to then allow Defendants a stay if they do not get the outcome they desire. The appeal to the Board of Patent Appeals and Inferences (BPAI)

could take years, and Tesco could then appeal a finding of invalidity to the U.S. District Court for the District of Colombia or the Federal Circuit. 35 U.S.C. § 145.

Similarly, Frank's argues that a stay would be the simplest way to resolve the inconsistent verdict. However, it also wants to pursue post-trial discovery and summary judgment before a stay. Allowing Defendants to pursue summary judgment and then cease their efforts in this litigation if they are unsuccessful would complicate, rather than simplify, the issues in this case.

The current stage of the litigation also does not counsel in favor of a stay, as all parties have incurred significant expense and conducted extensive discovery. Granting a stay after allowing the parties to incur the additional expense of summary judgment and additional discovery runs contrary to the generally accepted purposes of a stay—"avoid[ing] a needless duplication of efforts" and "eliminat[ing] the need for further proceedings in the district court altogether." *Medichem, S.A. v. Rolabo, S.L.*, 353 F.3d 928, 936 (Fed. Cir. 2003). Additionally, Defendants OES and NOV have not advised the Court that they also join Frank's Motion and desire a stay. Thus, the Court finds that "[w]e are too far along the road to justify halting the journey while the defendant explores an alternate route." *Enprotech Corp. v. Autotech Corp.*, 15 U.S.P.Q.2d 1319, 1990 WL 37217, at *2 (N.D. Ill. Mar. 16, 1990).

The Court understands the value in deferring to the PTO and BPAI on issues of patent invalidity. However, the Court finds that a stay is not appropriate at this time due to the potentially long wait for the BPAI decision, the stage of this litigation, and Frank's conflicting requests for both a stay and for additional discovery and summary judgment briefing. The Court may revisit this issue if the case is still pending when the BPAI issues its final decision. *See Translogic Technology, Inc. v. Hitachi, Ltd.*, Nos. 2005-1387, 2006-1333, 250 Fed. Appx. 988,

3

at *1 (Fed. Cir. Oct. 12, 2007); *Standard Havens Products, Inc. v. Gencor Indust.*, No. 93-1208 996 F.2d 1236, 1993 WL 172432, at *1 (Fed. Cir. May 21, 1993).

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 10th day of February, 2012.

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　KEITH P. ELLISON
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE