IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TESCO CORPORATION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. H-08-2531 |
| | § | |
| NATIONAL OILWELL VARCO, L.P.; | § | |
| OFFSHORE ENERGY SERVICES, INC.; | § | |
| and FRANK'S CASING CREW AND | § | |
| RENTAL TOOLS, INC., | § | |
| | § | |
| Defendants. | § | |

## TESCO CORPORATION'S MOTION TO STRIKE

Tesco respectfully moves this Court to strike Frank's Motion for Judgment of Patent Invalidity Under the On-Sale Provision of 35 U.S.C. § 102(b) (Dkt. No. 1009) and Frank's Motion for Judgment of Patent Invalidity Under 35 U.S.C. § 102(b) (ANTICIPATION) and 35 U.S.C. § 103(a) (OBVIOUSNESS) (Dkt. No. 1010) (collectively, the "Motions for Judgment").

### I.  INTRODUCTION

After the Court determined no bench trial was necessary, Frank's filed two late motions repeating arguments previously made regarding the validity of the patents-in-suit even though the Court has already determined the patents invalid.  These late motions are not proper under the Federal Rules of Civil Procedure, nor are they necessary in any way.  None of the issues briefed by Frank's are before the Court, and in fact they were resolved long ago.  The cutoff for filing dispositive motions was also more than three months ago under the Court's orders.  For these reasons, the Court should strike Frank's belated Motions for Judgment.[1]

---

[1] Tesco does not want to burden the Court with additional briefing if the Court deems same unnecessary, but Tesco will file responses to Frank's belated motions by the due date, April 21, 2014, if the Court has not ruled by then.

## II.     ARGUMENT AND AUTHORITIES

### A.     Frank's Late-Filed Motions Are Unauthorized

The Court should strike Frank's late-filed motions because they relate to issues no longer pending before the Court. Indeed, there is no rule (and Frank's cites to none) that authorizes it to file Motions for Judgment to regurgitate all of the same arguments Frank's has repeatedly made regarding its invalidity defenses. There is no such rule because these invalidity defenses are no longer pending before the Court. The Court already issued orders resolving the defenses of on-sale bar (Dkt. No. 805), anticipation (Dkt. No. 808) and obviousness (Dkt. No. 821). It is particularly inexplicable that Frank's continues to make the same obviousness arguments even after the Court granted defendants' summary judgment on obviousness (Dkt. No. 821) and then denied Tesco's Motion to Reconsider that ruling (Dkt. No. 965).

Moreover, the Court's July 29, 2013 Order provided for a bench trial on defendants' claim for an exceptional case, but the Order did not permit Frank's to re-try all of its invalidity defenses. Dkt. No. 864. The Court later determined a trial on exceptional case to be unnecessary, and it did not invite additional briefing on already-resolved defenses. Nevertheless, since the Court made that determination at the hearing on March 10, 2014, defendants have filed 153 pages of uninvited motions, including Frank's Motions for Judgment. These motions should be stricken at this point, as they are not authorized by any Federal Rule of Civil Procedure or by the Court.

### B.     Rule 52(a)(1) Does Not Apply

As with the previous motion for judgment filed by Frank's (Dkt. No. 993), Frank's may claim that its current Motions for Judgment are filed pursuant to Rule 52(a)(1) of the Federal Rules of Civil Procedure, but that rule does not apply. Indeed, Rule 52(a)(1) only applies to findings of fact after a bench trial. *See* Fed. R. Civ. P. 52(a)(1). As discussed above, the Court

has deemed a trial on defendants' exceptional case claims unnecessary, and the defenses of on-sale bar, anticipation and obviousness would not have been part of that trial in any event. Dkt. No. 864. Accordingly, Rule 52(a)(1) does not provide a procedural mechanism for Frank's to file its Motions for Judgment.

**C.     Rule 56 Does Not Apply**

To the extent Frank's argues its Motions for Judgment are filed under Rule 56 they come too late. Specifically, the Court's deadline to file for summary judgment under Rule 56 was December 23, 2013 (Dkt. No. 883), so Frank's Motions for Judgment filed over three months later are untimely. Therefore, the Court should strike Frank's Motions for Judgment, since they were filed in violation of the Court's order.

Moreover, Frank's clearly did not think enough of either motion to timely file them by December 23, 2013, in accordance with the Court's order. These motions have also previously been denied, and Frank's renewal of them is largely based on grounds previously reviewed and rejected by the Court.

The rest of the defendants have tried to join Frank's late-filed motions, but their effort is too little and too late as well. The Court ordered the parties to file motions for summary judgment by December 23, 2013. Only Tesco did so. Frank's and the rest of the defendants failed to do so. It is only after defendants' failure to file for summary judgment had been noted by Tesco and the Court that they now seek to file such motions, but the defendants obviously did not think the post-judgment discovery was sufficient to support summary judgment motions in their favor or they would have filed them. They cannot possibly think their motions for summary judgment should be granted now on their other defenses when they have lost on these same grounds before and did not even bother to timely renew their motions.

**D.     Rule 59(e) Does Not Apply**

Finally, Frank's may argue that its Motions for Judgment are actually motions for reconsideration under Rule 59(e), but, for reasons cited by the Court in denying Tesco's motion for reconsideration on obviousness, Rule 59(e) does not apply. Dkt. No. 965 at 1-2. In particular, the Court stated that "[a] motion under Rule 59(e) must 'clearly establish either a manifest error of law or fact or must present newly discovered evidence.'" *Id*. at 2 (citing *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005)). "Such motions 'cannot be used to raise arguments which could, and should, have been made before the judgment issued. Moreover, they cannot be used to argue a case under a new legal theory.'" *Id*. The Court also noted that "reconsideration under Rule 59(e) is an extraordinary remedy that courts should use sparingly." *Id*. (citing *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004)).

The Court denied Tesco's motion for reconsideration because it believed that "all of the arguments adduced therein have been made, or could have been made, previously." *Id*. Frank's Motions should suffer the same fate. Frank's cannot dispute that all of the arguments made in its Motions for Judgment were made, or could have been made, in Frank's Post-Trial Motion for Summary Judgment that Tesco's Asserted Patent Claims are Invalid Under the On-Sale Provision of 35 U.S.C. § 102(b) (Dkt. No. 721), defendants' Motion for Summary Judgment of Patent Invalidity Pursuant to 35 U.S.C. § 102(b) (Prior Printed Publication) Re: Tesco's August 2002 "Vision" Brochure (Dkt. No. 716), Frank's Post-Trial Motion for Summary Judgment on Obviousness Based Upon Tesco Prior Art Brochures (Dkt. No. 713), and Frank's Response to Plaintiff Tesco Corporation's Motion for Summary Judgment on Defendants' Claims of Exceptional Case (Dkt. No. 927 at 4-30). Further, in its Motions for Judgment, Frank's attempts to argue legal theories regarding anticipation in connection with the August 2002 brochure that it

could have argued before. Dkt. No. 1010 at 8-13. For the same reasons the Court denied Tesco's Motion for Reconsideration, the Court should likewise find that Rule 59(e) does not support Frank's Motions for Judgment, and the Court should strike them.

### III. CONCLUSION

Frank's Motions for Judgment are not authorized by any of the Federal Rules of Civil Procedure, and are too late under the Court's orders. Moreover, all of the arguments adduced in Frank's Motions for Judgment have been made in defendants' original post-trial motions for summary judgment and in Frank's response to Tesco's Motion for Summary Judgment on Exceptional Case. Accordingly, the Court should strike Frank's Motions for Judgment.

Respectfully submitted,

BRACEWELL & GIULIANI LLP

By: */s/ Glenn A. Ballard, Jr.*
    Glenn A. Ballard, Jr.
    Attorney-in-Charge
    State Bar No. 01650200
    John F. Luman III
    State Bar No. 00794199

711 Louisiana, Suite 2300
Houston, Texas 77002-2781
Telephone: (713) 223-2300
Telecopy: (713) 221-1212

ATTORNEYS FOR PLAINTIFF

-6-

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record via the Court's electronic filing system pursuant to the Federal Rules of Civil Procedure on the 14th day of April, 2014.

                                      */s/ Glenn A. Ballard, Jr.*
                                      Glenn A. Ballard, Jr.